STATE *vs.* RICHARD TIERNEY.

*Action by the Wife for Support of Self and Child.*

Until legally separated, a man is bound to support his wife. If she be a woman unfit to live with, the husband's remedy is to obtain a divorce.

*(December 4, 1897.)*

SPRUANCE and BOYCE, J. J., sitting.
*Peter L. Cooper, Jr.,* Deputy Attorney-General, for the State.
(The prisoner was unrepresented by counsel.)

Court of General Sessions, New Castle County, November Term, 1897.

The defendant was arraigned at this term on a charge of desertion and non-support perferred by his wife.

The defendant contended that he was justified in refusing to support or live with his wife because he had positive proof that she had been guilty of adultery, and that if he gave her money for the support of the child she would squander it in drink; that he was willing to provide a home for the child with his mother, who had offered to take it; that he had earned between $5.25 and $6.00 a week; that he had been very much interfered with in his work by reason of his wife's having him arrested, and that on that account in the three years that he had been married he had only worked about nine months; that his frequent arrests by the wife on the charge of non-support had resulted in his being unable to secure work and that he was at present out of a job for that reason. He offered to prove certain facts to substantiate his charges against his wife.

The Deputy Attorney-General objected to such proof as immaterial, contending that while a man need not live with his wife if she was unfaithful, and while unfaithfulness is a legal cause for divorce, yet he must nevertheless support her until he is legally separated from her.

SPRUANCE, J:—If the wife of the defendant is not a fit person to live with and he has legal grounds for leaving her, he has

his remedy.   He can apply to the Court for relief; but until he does that, she is his wife, and he is bound to support her.   He married her for weal or for woe, and there is only one legal way in which he can be relieved of her support and that is by obtaining a divorce.

The order of the Court is that the defendant pay this woman for the benefit of herself and child the sum of eight dollars per month; the first payment to be made on the fourth day of January, 1898, and to continue thereafter, and that he give security in the sum of five hundred dollars.